## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 22 2020, 10:22 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Valerie K. Boots
Talisha R. Griffin
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Aaron Terrell,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 22, 2020

Court of Appeals Case No.
20A-CR-201

Appeal from the Marion Superior Court

The Honorable Amy M. Jones, Judge

The Honorable Mark Renner, Magistrate

Trial Court Cause No.
49G08-1911-CM-44578

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Defendant, Aaron Terrell (Terrell), appeals his conviction for criminal trespass, a Class A misdemeanor, Ind. Code § 35-43-2-2(b).

We affirm.

# ISSUE

Terrell presents us with one issue, which we restate as: Whether the State presented evidence sufficient to prove beyond a reasonable doubt that he committed criminal trespass.

# FACTS AND PROCEDURAL HISTORY

The Circle Center Mall (the Mall) is a shopping mall located in Indianapolis, Indiana. On November 17, 2019, a security officer employed by the Mall, Jeremiah Wilcox (Wilcox), orally banned Terrell from the Mall. Wilcox also provided Terrell with the Mall's written trespass notice which provided in relevant part as follows:

> [The Mall] including its parking garages and all related property (Artsgarden, Claypool Courts, Embassy Suites, Blocks Building, and Court Street Garage) as outlined on the attached map is private property. Persons are permitted on this property at the discretion of the property owner and its agents. The property owner and its agents may revoke this permission at any time.
>
> * * * *

Due to your actions on 11/17/19 you are not permitted on the property outlined on the map included during the period of 90 days to 2/18/2020, and must depart immediately.

(Exh. Vol. p. 4). On November 21, 2019, at around 12:30 a.m. when the Mall was closed, Wilcox discovered Terrell sleeping in a photo booth in Claypool Courts in the Mall. Wilcox alerted the authorities, and Terrell was arrested.

On November 21, 2019, the State filed an Information, charging Terrell with Class A misdemeanor criminal trespass. On January 7, 2020, the trial court convened Terrell's bench trial. Wilcox testified that on November 17, 2018, he had told Terrell to "stay out of the [M]all[.]" (Transcript p. 12). The State did not have the map that was attached to the Mall's trespass notice admitted into evidence. The trial court found Terrell guilty. Directly after rendering its judgment, the trial court sentenced Terrell to ten days in jail.

Terrell now appeals. Additional facts will be provided as necessary.

# DISCUSSION AND DECISION

## I. *Standard of Review*

Terrell challenges the evidence supporting his conviction. It is well-established that when we review the sufficiency of the evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the judgment. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is not our role as an appellate court to assess witness credibility or to weigh the evidence. *Id*. We

will affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id*.

## II. *Criminal Trespass*

[8] In order to prove the offense of Class A misdemeanor criminal trespass, the State is required to show that a defendant, not having a contractual interest in the property, knowingly or intentionally entered the property after having been denied entry by the property's owner or agent. I.C. § 35-43-2-2(b). The purpose of the criminal trespass statute is to "punish those who wilfully or without a bona fide claim of right commit acts of trespass on the land of another." *Curtis v. State*, 58 N.E.3d 992, 994 (Ind. Ct. App. 2016). The criminal trespass statute requires that a person act at least knowingly, which occurs if, "when he engages in conduct, he is aware of a high probability that he is doing so." I.C. § 35-41-2-2(b). "As such, if a person has a fair and reasonable foundation for believing that he or she has a right to be present on the property, there is no criminal trespass." *Curtis*, 58 N.E.3d at 944.

[9] Terrell argues that, because the State did not have the map or other evidence detailing what areas the map outlined admitted into evidence, "the State failed to provide sufficient evidence that Terrell was found on property he was previously trespassed from." (Appellant's Br. p. 7). However, Wilcox testified that he told Terrell on November 17, 2018, to "stay out of the [M]all," and the notice Wilcox provided to Terrell on November 17, 2018, specifically stated that the Mall's property included Claypool Courts, the location of the photobooth where Terrell was found sleeping. (Tr. p. 12). Wilcox testified that

he found Terrell "in Claypool Court[s] in Circle Center Mall" on November 21, 2018. (Tr. p. 11). Therefore, there was evidence before the trial court to support its reasonable conclusion that Claypool Courts was part of the Mall's property from which Terrell had previously been banned, regardless of whether the map referenced in the notice was admitted into evidence. In addition, there was no evidence that Terrell had a reasonable belief that he had a right to be present in Claypool Courts on November 21, 2018. Crediting Terrell's argument would entail reweighing the evidence presented to the trial court, which we will not do, as it is contrary to our standard of review. *Drane*, 867 N.E.2d at 146.

# CONCLUSION

[10] Based on the foregoing, we conclude that the State proved beyond a reasonable doubt that Terrell committed Class A misdemeanor criminal trespass.

[11] Affirmed.

May, J. & Altice, J. concur